**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VITALI CIOLAC, | No. 10-70771 |
| Petitioner, | Agency No. A088-118-921 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Vitali Ciolac, a native and citizen of Moldova, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

substantial evidence the agency's factual findings, applying the standards governing adverse credibility determination created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Ciolac's testimony at his merits hearing, statements he made at his asylum interview, and medical reports. *See id.* at 1048 (adverse credibility finding reasonable under totality of circumstances). The agency reasonably rejected Ciolac's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Ciolac's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Ciolac's CAT claim is based on the same statements found not credible, and the record does not otherwise compel the finding that it is more likely than not that he would be tortured if returned to Moldova, his CAT claim also fails. *See id.* at 1156-57. We reject Ciolac's contention that the BIA's review of his CAT claim was insufficient. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (agency "does not have to write an exegesis on every contention") (internal quotation marks and citation omitted); *Larita-Martinez v. INS*, 220 F.3d 1092,

1096 (9th Cir. 2000) (petitioner did not overcome presumption that the BIA reviewed record).

In light of our determination that substantial evidence supports the agency's adverse credibility finding, we do not address the agency's alternative merits findings, nor its determination that Ciolac failed to provide sufficient corroboration. Ciolac's contention that the BIA erred in denying voluntary departure is without merit because the record reflects that Ciolac did not request voluntary departure before the IJ. Ciolac's contentions that the BIA failed to review his case and that the agency made "cookie-cutter" credibility findings are not supported. Finally, we lack jurisdiction to review Ciolac's contentions that he was not allowed to develop the facts of his case fully and that he was not provided an opportunity to explain inconsistencies, because he failed to raise these contentions before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

10-70771